

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00154-CV

## IN THE ESTATE OF BARBARA JANE DAMRON

**From the County Court at Law
Coryell County, Texas
Trial Court No. 21-10401**

## CONCURRENCE

This proceeding presents an interesting question. Which jurisdictional question comes first, a final appealable order/judgment, or a timely notice of appeal? The Court has done a nice job of reviewing the various rules and reasons that the notice of appeal in this case is late. But the notice of appeal is late only if the order being appealed is a final appealable order; otherwise, it is premature. The order at issue is set out in the Court's opinion. It lacks many of the indicia of finality recently discussed by this Court and the dissent in *Harden v. U.S. Bank, Nat'l Ass'n*, No. 10-23-00043-CV, 2023 Tex. App. LEXIS 5256 (Tex. App.—Waco July 19, 2023, no pet. h.). The procedural posture of the pleadings and parties in this appeal is not described or discussed. In particular, the procedural basis for the trial court to be rendering such an order is not apparent. Was it

a plea to the jurisdiction, motion to dismiss under Rule of Civil Procedure 91a, motion for summary judgment, etc.? Moreover, there is no language that indicates if this was the only or all of the issues pending against the three individuals identified in the order, and whether other claims are pending against another party. For example, since this appears to be a probate proceeding, maybe there is a claim against the personal representative of the estate in a representative capacity. To me, based on what is here, this appears to be nothing more than an interlocutory order which is not final for purposes of appeal and is not the type of interlocutory order for which there is a statutory or common law right of appeal. So, while the Court bases its opinion on an untimely notice of appeal, I would hold the timeliness of the notice of appeal does not matter because the order is not appealable at this time. Accordingly, while I have no particular quarrel with the Court's discussion of the timeliness of a notice of appeal in the abstract, I respectfully do not join the Court's opinion, but concur in the Court's judgment which dismisses the appeal for want of jurisdiction.


       TOM GRAY
       Chief Justice

Concurrence delivered and filed August 23, 2023

